Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| KAROL GARCÍA RUIZ | | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón |
|---|---|---|
| Querellante-Recurrida | | Caso Núm. BY2024CV03948 |
| Vs. | TA2025CE00859 | Sala: 401 |
| | | Sobre: |
| INTERCAM BANCO INTERNACIONAL, INC. | | DESPIDO CONSTRUCTIVO, DISCRIMEN POR GÉNERO, REPRESALIAS, PROCEDIMIENTO SUMARIO (LEY NÚM. 2) |
| Querellado-Peticionario | | |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez.

Cruz Hiraldo, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 26 de enero de 2026.

La parte peticionaria, Intercam Banco Internacional, solicita la revocación de la *Sentencia Parcial* emitida el 3 de noviembre de 2025, notificada al día siguiente, por el Tribunal de Primera Instancia, Sala Superior de Bayamón. El foro primario denegó la desestimación sumaria de la querella presentada por la parte recurrida, Karol García Ruiz.

Por los fundamentos expuestos en esta resolución, *denegamos* la expedición del auto solicitado.

-*I*-

El 5 de julio de 2024, la parte recurrida presentó la acción de título en contra de su anterior patrono, Intercam. Alegó despido constructivo, discrimen por género, represalias y hostigamiento laboral. La parte peticionaria alegó que, se vio forzada a presentar

la carta de renuncia por las acciones y actuaciones irracionales, erráticas y arbitrarias de su anterior supervisor, Johnny Fernández. El banco contestó la querella, negó las alegaciones, y aseveró falta de coacción o apremio, como causa para la renuncia presentada por la recurrida, más bien, atribuyó la decisión de la recurrida a su libre voluntad. Trabada la controversia, y efectuado cierto descubrimiento de prueba, la parte peticionara solicitó la desestimación sumaria de la querella. Según el parecer de la parte peticionaria, y en atención a la prueba anejada a la moción de sentencia sumaria, la renuncia de la recurrida fue voluntaria y libre de imposición. La parte recurrida presentó oposición a la solución sumaria del pleito. Sometido el asunto, el tribunal emitió la sentencia parcial recurrida.

En la sentencia, el foro primario consignó los siguientes hechos como incontrovertidos:

1. La querellante es natural de Bogotá, Colombia, y reside en Puerto Rico desde el 2001.

2. La Sra. García comenzó a trabajar en Intercam en mayo de 2018 en calidad de Directora de Operaciones, luego de haber trabajado en otros bancos en Puerto Rico.

3. Para el mes de enero de 2024, el Sr. Fernández tomó las riendas de Intercam en Puerto Rico como su Director General.

4. El 6 de mayo de 2024, la Sra. García le entregó su carta de renuncia al Sr. Everardo Vidaurri (Sr. Viduarri).

El tribunal también formó una lista de hechos en controversia:

1. Si el Sr. Fernández, mediante humillaciones y vejámenes, forzó a la querellada a renunciar.

2. Si la Sra. García agotó todos los remedios disponibles según el Manual de Empleados de Intercam para canalizar su reclamo.

3. Si, ante la situación de violencia verbal alegada, la renuncia era el único remedio razonable para la Sra. García.

4. Si el Sr. Fernández incurrió en violencia verbal en contra de la querellante como represalia, luego de que esta participara de una actividad protegida, según la Ley Núm. 115-1991, *supra.*

En consideración a estos hechos el foro de primera instancia desestimó la causa de acción de discrimen por razón de sexo, pero denegó desestimar el resto, y ordenó la continuación del procedimiento judicial. La parte peticionaria está inconforme con el remedio provisto por el tribunal. Por ello, señala los siguientes errores:

1. ERRÓ EL TPI AL NO EMITIR DETERMINACIONES DE HECHOS INCONTROVERTIDOS Y EN CONTROVERSIA SEGÚN LO REQUIERE LA REGLA 36 DE PROCEDIMIENTO CIVIL Y SU JURISPRUDENCIA INTERPRETATIVA.

2. ERRÓ EL TPI AL CONCLUIR QUE LOS CUATRO "HECHOS EN CONTROVERSIA" CONSIGNADOS EN LA SENTENCIA PARCIAL IMPIDEN QUE SE DICTE SENTENCIA DE MANERA SUMARIA EN EL PRESENTE PLEITO.

3. ERRÓ EL TPI AL NO CONCLUIR, A BASE DE LOS HECHOS MATERIALES INCONTROVERTIDOS, QUE LA RECURRIDA RENUNCIÓ LIBRE VOLUNTARIAMENTE DE SU EMPLEO, POR LO QUE NO TIENE CAUSA DE ACCIÓN AL AMPARO DE LA LEY 80.

4. ERRÓ EL TPI AL NO CONCLUIR, A BASE DE LOS HECHOS MATERIALES INCONTROVERTIDOS, QUE LA RECURRIDA NO TIENE CAUSA DE ACCIÓN AL AMPARO DE LA LEY 115.

La parte recurrida también compareció mediante alegato escrito. Por tanto, procedemos a disponer del presente recurso con el beneficio de la comparecencia de las partes, el contenido del expediente y el derecho aplicable.

## -*II*-

El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar determinaciones interlocutorias del foro de origen. *Rivera et al. v.*

*Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 847 (2023). El tribunal revisor tiene discreción para resolver el recurso promovido, ya sea, expedir y considerar la cuestión en sus méritos, o denegar sin otra salvedad sobre el asunto apelado. *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 593 (2011). La Regla 40 del Reglamento de este Tribunal establece los criterios al ejercer nuestra facultad discrecional de expedir o denegar un recurso extraordinario de *certiorari*:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

De ordinario, el criterio judicial empleado en el manejo de un caso al emitir pronunciamientos de carácter interlocutorio está revestido con una presunción de corrección fundada en la discreción judicial del juzgador de hechos. *In re Collazo I,* 159 DPR 141, 150 (2003). Por ello, los tribunales apelativos no debemos "intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o

parcialidad, incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al v. ACBI et al.*, 200 DPR 724, 736 (2018).

### -*III*-

Un análisis del recurso presentado al palio de la Regla 52.1 de Procedimiento Civil confirma una de instancias contempladas por el legislador, a los fines de auscultar el mérito del recurso, si alguno. No obstante, el estudio preciso del expediente nos mueve a la abstención de intervenir con la *Sentencia parcial* recurrida.

A nuestro juicio, el pronunciamiento en cuestión es producto del adecuado ejercicio de las facultades del Tribunal de Primera Instancia. Sabido es que la sentencia sumaria es un mecanismo adjudicativo de naturaleza extraordinaria, discrecional, sujeto a determinadas formalidades reglamentarias, facilita la celeridad en la disposición de algunos asuntos ante la consideración del juez superior. *Rivera Matos, et al. v. Triple-S et al.,* 204 DPR 1010, 1024 (2020); *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 433 (2013). Nada nos sugiere que, en el ejercicio de sus facultades, el foro recurrido incurriera en error o en abuso de discreción.

En virtud de lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, resolvemos no expedir el auto que nos ocupa.

### -*IV*-

Por los fundamentos que anteceden, los que hacemos formar parte de este dictamen, *denegamos* la expedición del recurso de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones